UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD DANA PIKE,<br><br>           Petitioner.<br><br>vs.<br><br>JOHN MARSHALL, WARDEN,<br><br>           Respondent. | ) Case No. CV 09-7531-AG(RC)<br>)<br>)<br>)<br>) OPINION AND ORDER<br>)<br>)<br>)<br>) |

On October 16, 2009, petitioner Todd Dana Pike, a person in state custody proceeding pro se, filed a "Notification of Intent to File 28 U.S.C. § 2254 Habeas Corpus [Petition]." **However, petitioner has not filed an actual habeas corpus petition setting forth his claims and the facts supporting his claims,** and petitioner provides no information regarding the court in which his conviction took place, nor the date or nature of his conviction or sentence, and whether he appealed his conviction or otherwise attacked it.  Without this information, the Court cannot determine whether it has venue and whether petitioner has exhausted his state court remedies.

**DISCUSSION**

Rule 1 of the Rules Governing Section 2254 Cases in the United

States District Courts ("Rules") provides that the Rules "govern a petition for a writ of habeas corpus" filed under 28 U.S.C. § 2254 by a person in custody pursuant to a judgment of a state court.  28 foll. U.S.C. § 2254, Rule 1.  Rule 2(c) requires that the petition must:

>   (1) specify all the grounds for relief available to the petitioner;
>   (2) state the facts supporting each ground;
>   (3) state the relief requested;
>   (4) be printed, typewritten, or legibly handwritten; and
>   (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

28 foll. U.S.C. § 2254, Rule 2(c).  Rule 2(d) requires that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  28 foll. U.S.C. § 2254, Rule 2(d).  This district court, in Local Rule 83-16.1, has prescribed a habeas corpus petition form, which it makes "available to petitioners without charge."  Id.

   Here, petitioner, by failing to file an actual petition for writ of habeas corpus on the prescribed form, failing to set forth his claims and provide the facts supporting his claims, and failing to provide pertinent information, has not complied with Rule 2.  Thus, this action is subject to summary dismissal under Rule 4 and Local Rule 72-3.2.  Specifically, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the

1  petitioner is not entitled to relief in the district court, the judge
2  must dismiss the petition and direct the clerk to notify the
3  petitioner."  28 foll. U.S.C. § 2254, Rule 4.  Similarly, Local Rule
4  72-3.2 provides:

6     [I]f it plainly appears from the [habeas] petition and any
7     exhibits annexed to it that the petitioner is not entitled
8     to relief, the Magistrate Judge may prepare a proposed order
9     for summary dismissal and submit it and a proposed judgment
10    to the District Judge.

12 Local Rule 72-3.2.  Since petitioner has not complied with the Rules,
13 the instant action should be summarily dismissed without prejudice.

15                              **ORDER**
16    IT IS ORDERED that Judgment shall be entered summarily dismissing
17 without prejudice petitioner's request for an extension of time.
18    The Clerk of Court is ordered to serve this Opinion and Order on
19 petitioner.
20    The Clerk of Court shall provide petitioner with a form habeas
21 corpus petition under 28 U.S.C. § 2254.

24 DATE: November 11, 2009                    _____
25                                              ANDREW J. GUILFORD
                                               UNITED STATES DISTRICT JUDGE
   PRESENTED BY:
26 DATE:  October 19, 2009

27  /S/ ROSALYN M. CHAPMAN
        ROSALYN M. CHAPMAN
28 UNITED STATES MAGISTRATE JUDGE
   R&R-MDO\09-7531.mdo - 10/19/09